# United States Court of Appeals

## For the Eighth Circuit

_____

No. 21-3882

_____

Nikolas Weeks

*Plaintiff - Appellant*

v.

City of Lake Norden; Jimmy Murphy, Former Lake Norden Police Chief

*Defendants - Appellant*

South Dakota Division of Criminal Investigation; Todd Dickson Boyd, Attorney
for Lake Norden; Jason Aho, Mayor of Lake Norden; Dan Koistinen, Lake Norden
Maintenance Worker

*Defendants*

_____

Appeal from United States District Court
for the District of South Dakota - Northern

_____

Submitted: October 7, 2022
Filed: October 26, 2022
[Unpublished]

_____

Before LOKEN, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

Nikolas Weeks appeals the dismissal of his civil rights and defamation claims against the City of Lake Norden ("Lake Norden") and its former police chief, Jimmy Murphy. We affirm in part and reverse in part.

Weeks alleges that Murphy twice violated his constitutional rights during traffic stops, including by attempting to murder him. According to the complaint, during the first stop in February 2016, Murphy ordered a city maintenance worker riding in his squad car to take out a gun and threaten Weeks. During the second stop in November 2017, Murphy allegedly attempted to murder Weeks by tasing him in the heart, punching him in the kidneys, and throwing him into oncoming traffic. Murphy alleges that this attempted murder was in retaliation for state court proceedings related to the February 2016 stop. According to Weeks, Lake Norden's mayor and city council "fully support all of Jimmy Murphy's actions and this attempt on [Weeks's] life even to this day." Murphy then allegedly emailed several other law enforcement agencies and falsely stated that Weeks had first threatened him. Weeks alleges that he lost business as a result of Murphy's emails.

Weeks filed this lawsuit *pro se* in November 2020, bringing claims against Murphy and Lake Norden under 42 U.S.C. § 1983. He also brought a state-law defamation claim against Murphy.[1] Murphy and Lake Norden both filed motions to dismiss, which the district court granted. The district court found that Weeks did not sue Murphy in his individual capacity and that Weeks's defamation claim was barred by absolute privilege. As to the municipal-liability claim, the district court found that Weeks did not plead that a Lake Norden policy, custom, or deliberately indifferent failure to train or supervise caused the alleged constitutional violation. *See Bolderson v. City of Wentzville*, 840 F.3d 982, 985 (8th Cir. 2016).

We reverse the dismissal of Weeks's constitutional claims against Murphy and Lake Norden. We conclude that Weeks, proceeding *pro se*, sufficiently pleaded

---

[1]Weeks also sued other Lake Norden defendants and a law enforcement agency, but he does not appeal dismissal of those claims.

a claim against Murphy in his individual capacity and sufficiently stated a municipal liability claim by pleading that Murphy attempted to murder him during a traffic stop and that Lake Norden's mayor and city council fully supported Murphy's actions and continue to do so. *See Bd. of County Com'rs of Bryan Cnty., Okl. v. Brown,* 520 U.S. 397, 405 (1997) (explaining that "proof that a municipality's legislative body or authorized decisionmaker has intentionally deprived a plaintiff of a federally protected right necessarily establishes that the municipality acted culpably"); *Topchain v. JP Morgan Chase Bank, N.A.* 760 F.3d 843, 849 (8th Cir. 2014) (noting that "[a] *pro se* complaint must be liberally construed") (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

We affirm, however, the dismissal of the defamation claims against Murphy. Any statements Murphy made to other law enforcement officers about Weeks's arrest were absolutely privileged. *See* S.D. Codified Laws § 20-11-5(1); *Setliff v. Akins*, 616 N.W.2d 878, 890-91 (S.D. 2000) (statements made "[i]n the proper discharge of official duty" are absolutely privileged). Thus, Weeks cannot state a defamation claim based on Murphy's alleged statements to other law enforcement officers.

Therefore, we affirm the dismissal of Weeks's defamation claim against Murphy, reverse the dismissal of Weeks's § 1983 claims against Murphy and Lake Norden, and remand for further proceedings.

_____